UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:06-81001-CIV - RYSKAMP / VITUNAC

NOETIC SPECIALTY INSURANCE
COMPANY a/s/o VITAL PHARMA, INC.;
and VITAL PHARMA, INC., individually,

       Plaintiffs,

v.

LIFECORE BIOMEDICAL, INC.; CHUBB
GROUP OF INSURANCE COMPANIES;
FEDERAL INSURANCE COMPANY,

       Defendants.
_____/

## PROTECTIVE ORDER

Upon the stipulation of Plaintiffs, Noetic Specialty Insurance Company a/s/o Vital Pharma, Inc. and Vital Pharma, Inc., individually (hereinafter collectively "Plaintiffs"), Defendant Lifecore Biomedical, Inc., and Defendant Federal Insurance Company, and through their respective attorneys, and with the consent of Third Party Tammy Hewett ("Hewett") and Third Party Brenda Prendiville ("Prendiville"), attached as "**Exhibit A**", through their attorneys,

**IT IS HEREBY ORDERED** that Plaintiffs may produce materials and information related to the confidential settlement agreements by and between Hewett and Vital Pharma, Inc. in connection with *Hewett v. Ethicon, Inc., et al.*, No. 502005CA000651XXXXMB, 15th Judicial Circuit Court, Palm Beach County, Florida; and Prendiville and Vital Pharma, Inc. in connection with *Prendiville v. Ethicon, Inc., et al.*, No. 502005CA000732XXXXMB, 15th Judicial Circuit Court, Palm Beach County, Florida; and the subsequent Releases of Claims ("Releases"), executed by Hewett and Prendiville in the two individual actions that, in part, serve

as the underlying basis for the claims at issue in the case at bar if such materials and information are designated and treated as "Confidential" pursuant to this Stipulated Protective Order. Use of such confidential information by plaintiffs, defendants and their attorneys and agents shall be subject to the following restrictions:

    1.    Absent express authorization by counsel for the designating party or a court order, confidential information shall be used only for the purpose of this litigation.

    2.    Confidential information shall not be:

    (a)    Given, shown, made available, or communicated in any way to anyone, other than the plaintiffs and defendants herein, their attorneys of record, employees of attorneys of record for the plaintiffs and defendants who are essential to the prosecution or defense of this action, consultants and experts retained by attorneys of record for the plaintiffs and defendants, the authors, senders, addressee and copy recipients of said confidential information or as otherwise ordered by the Court. All persons allowed access to confidential information pursuant to this subparagraph shall first sign the attached agreement which shall be served immediately upon counsel for designating parties, unless such disclosure is made to a person designated as a consultant and/or expert, in which case his identification and signed agreement will be maintained by attorneys of record for the plaintiffs or defendants as the case may be and disclosed to counsel for the designating party at the earlier of (i) simultaneously with the provision of his expert report to counsel for designating parties, if any, or (ii) within one hundred twenty (120) days of the resolution of this action.

    (b)    Reproduced in any fashion whatsoever, except that for the purpose of preparation of this case for trial, copies, excerpts, or summaries of documents may be made,

shown or given to those authorized pursuant to subparagraph (a) above in accordance with the provisions of that subparagraph.

(c) Any materials designated as confidential, including originals and copies, shall be maintained subject to this Order pursuant to each party's respective document retention policy.

3. Any pleading, motion, brief or memorandum which describes or refers to any confidential information, or to which any confidential information is attached as an exhibit, or any portions of depositions or the trial transcript that contain information read from or obtained from confidential information, shall be filed under seal in accordance with Fed. R. Civ. P. 26 and S.D. Fla. L.R. 5.4, but remain available to the Judge responsible for any phases of this action, to the jury and to such other personnel as the Judge deems necessary. When filing confidential information with the Court under seal, the document(s) shall be placed in a sealed envelope with instructions that the document(s) is filed pursuant to this Protective Order and that the envelope is not to be opened absent further order of the Court. The envelope shall be labeled to identify the style of the case, the case number and the title of the document. Neither the non-designating parties, nor their representatives shall refer to this confidential information in the presence of any person who has not signed an agreement to be bound by this protective order or who is not essential to the trial process, to wit: the Judge; the jury, courtroom personnel deemed necessary by the Judge; counsel for the various parties, and any other person approved by the Judge presiding over the trial of this action unless reference to such confidential information has been previously agreed to by designating parties or explicitly approved by this Court after notice to designating parties and an opportunity for them to be heard.

4. Any party who objects to the designation of any document or portion thereof as confidential shall state its objection and the basis therefore in writing to the party or other person by which the designation is made. Within fourteen (14) days from service of such an objection, the designating party shall reply in writing. Counsel shall then confer with one another concerning any such dispute in accordance with Fed. R. Civ. P. 26 and S.D. Fla. L.R. 7.1(A)(3). If agreement cannot be reached, the designating party shall, within ten (10) days from the date of the pre-filing conference, apply to the Court for a ruling that a document (or category of documents) or portions thereof stamped as confidential is entitled to such status and protection. The burden of proof regarding the designation of a document as "Confidential" shall be on the designating party to show that such protection is warranted. Pending a ruling by the Court on the motion, and any appeal, this Order shall remain in effect.

5. Upon the conclusion of this litigation, the Court shall retain jurisdiction over any person or organization authorized under paragraph 2 or subparagraph (a) above to received confidential information, as necessary to enforce the provisions of this Protective Order. The Court's jurisdiction to enforce the terms of this Order shall expire six (6) months following the final termination of the action.

6. This Order is enforceable pursuant to Fed. R. Civ. P. 26.

The parties through their respective counsel stipulated that the Court may enter the order set forth above.

**IT IS SO ORDERED:**

Dated this 29 day of March 2007.

>     /s/ Kenneth L. Ryskamp
> HONORABLE KENNETH L. RYSKAMP
> United States District Court Judge

cc:     Counsel of record (see attached service list)
       Bryan Aylstock, Esq., Counsel for Tammy Hewett and Brenda Prendiville