**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:06-81001-CIV - RYSKAMP / VITUNAC

NOETIC SPECIALTY INSURANCE
COMPANY a/s/o VITAL PHARMA, INC.;
and VITAL PHARMA, INC., individually,

        Plaintiffs,

v.

LIFECORE BIOMEDICAL, INC.,

        Defendants.

_____ /

**OMNIBUS ORDER**

THIS CAUSE comes before the Court first, upon Defendant's motion for protective order **[DE 40]** filed on February 23, 2007.  Plaintiffs responded **[DE 42]** on February 26, 2007. Defendant replied **[DE 45]** on March 5, 2007.  Second, Defendant also filed a motion to defer privilege log **[DE 43]** on February 26, 2007.  No response was filed.  Finally, Plaintiff filed a motion to defer privilege log **[DE 49]** file don April 30, 2007.  No response was filed.  The motions are now ripe for adjudication.

**Protective Order**

The facts in this case have been fully discussed in this Court's Order granting Federal's motion to dismiss.  In the instant action, there is a dispute regarding the proper extent of discovery.  In the motion for protective order, Defendant argues that some of the discovery requests are irrelevant, overbroad and over burdensome in regards to this litigation.

1

Specifically, they argue that Plaintiffs should not be permitted to seek discovery regarding defects in the Intergel product and indemnification agreements between Lifecore and other companies.

> The Federal Rules of Civil Procedure provide for protective orders such that:
>
> [u]pon motion by a party . . . the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; [and]
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery....

Fed. R. Civ. P. 26(c).  It is critical to remember, however, that this Rule protects parties from some hardships, but not from mere inconvenience.  *Id.*  The party seeking the protective order has the burden to show that good cause exists to issue the order by providing particular and specific facts.  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).

In its answer to the amended complaint, Defendant states that "Plaintiff VPI failed to properly abide by the terms and conditions of the Supply Agreement and/or the terms and conditions of the Federal Insurance Company Policy insuring Lifecore, and therefore Lifecore is not liable."  Moreover, Defendant appeared to argue that Plaintiffs could have caused the defects in the Intergel product.  Taken together, it is quite possible that the Defendant intends to argue that Plaintiffs failed to abide by the Agreement by contaminating the Intergel product.  Thus, the disputed discovery requests listed as (e) through (m) are relevant and no protective order will issue.  If, however, Defendant stipulates that it is the sole cause of the contamination of the Intergel product, then these questions may very well become irrelevant.

**Questions Addressing Defenses and Indemnification**

The remaining discovery requests ask for information regarding Lifecore's agreements to defend and indemnify other companies and Lifecore's own costs incurred in the defense of the Intergel litigation.  Since the issue in this case is whether Lifecore was required to indemnify VPI, and if so, whether Lifecore fulfilled its obligations under that agreement, the discovery requested in items (a) through (d), as listed in the motion, are relevant and otherwise constitute proper discovery requests. If Defendant is concerned about having to make sensitive information public, then it can request to file the discovery under seal.  Thus, no protective order can issue based on this argument.

**High Cost of Production**

Defendant argues that if this Court denies its motion, that it require Plaintiffs to bear the cost of the requests.  Rule 26(b)(2)(iii) states that a court can limit discovery that is overly expensive. Defendant asks this Court to implement a fee shifting mechanism wherein the Court must first determine that the cost of production is so high that it outweighs the benefit of the discovery and then, require Plaintiffs to bear the cost of production if they pursue the discovery.  This Court does not believe that the cost of discovery is so great as to outweigh its benefit.  The requested discovery is relevant, the Defendant's resources are large and the proposed discovery is crucial to resolving the issues of the case.

**Plaintiffs' Attorney's Fees**

Finally, Plaintiffs seek the attorney's fees and costs that they will incur from having to conduct a second deposition to inquire about the discovery that is the subject of this motion.  In support of this request, Plaintiffs argue that Defendant knew about the scope of the deposition subjects for nearly a month before it filed this motion, but only filed it two days before the depositions were scheduled.  Because Defendant refused to answer any of the questions in dispute

during Allingham and Vitt's depositions, Plaintiffs argue that another deposition is required and seek to have Defendant pay Plaintiffs' additional attorney's fees and costs as a result. Defendant responds that since it filed its motion within the time limits imposed by the rules, Plaintiffs' request should be denied.

Even though Defendant may have filed the motion within the time limits imposed by the rules, Defendant delayed filing its motion for nearly a month and instead filed the motion only two days before the depositions were scheduled. This created a situation where it was impossible for the Court to render a decision on the dispute before the scheduled discoveries. Now, Plaintiffs must attend another deposition due to Defendant's delay. As such, Defendant should be required to cover that expense. That being said, the actual preparation for and cost of the deposition itself are not additional as those expenses would have been incurred had the questions been asked at the initial deposition.

**Motion to Defer Privilege Log**

Plaintiffs' failed to respond to Defendant's motion to defer the privilege log and Defendant failed to respond to Plaintiffs similar request. Pursuant to S.D. Fla. Local Rule 7.1(C), failure to timely respond may be sufficient cause to grant the motion by default. According, the motions are granted. Since, however, the scope of discovery has been determined in this Order, both parties must now produce the privilege logs.

**Conclusion**

THIS COURT has considered the motions and the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion for protective order **[DE 40]** is DENIED. Defendant is ordered to pay Plaintiffs' following attorney's costs and fees if a

second deposition of Allingham and Vitt occurs: flight, lodging, additional transportation,

meals, deposition room reservation fee (if any) and any additional court reporting costs.

Additionally, Defendant's defer privilege log **[DE 43]** is GRANTED and Plaintiffs' motion to

defer privilege log **[DE 49]** is GRANTED.

 DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 9 day of May,

2007.


     /s/ Kenneth L. Ryskamp__
     KENNETH L. RYSKAMP
Copies provided:    UNITED STATES DISTRICT JUDGE
All counsel of record

5